Brent O. Hatch (5715)
  bhatch@hjdlaw.com
Shaunda McNeill (14468)
  smcneill@hjdlaw.com
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400,
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Robert S. Berezin (pro hac vice to be filed)
  robert.berezin@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8884
Facsimile: (212) 310-8007

Douglas W. McClellan (pro hac vice to be filed)
  doug.mcclellan@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Plaintiff Vivint, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ALARM.COM INC.,<br><br>    Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL<br><br>Civil No. 2:15-cv-00392-CW<br><br>Judge  Clark Waddoups |

Plaintiff Vivint, Inc. ("Vivint"), brings this Complaint against Defendant Alarm.com Inc. ("Alarm.com") and alleges as follows:

## PARTIES AND ACCUSED PRODUCTS

1. Vivint is a corporation organized and existing under the laws of the State of Utah, and maintains its headquarters and principal place of business at 4931 North 300 West, Provo, Utah, 84604.

2. As a leading smart home technology provider, Vivint offers residential home security, home automation, energy management and other solutions to customers.

3. On information and belief, Alarm.com is a Delaware corporation with its principal place of business at 8150 Leesburg Pike, Suite 1400, Vienna, Virginia 22182.

4. Defendant Alarm.com makes, uses, offers to sell, and sells (and/or has made, used, offered to sell, and sold) in the United States and in this judicial district "Interactive Security," "Video Monitoring," "Access," "Energy Management," and "Home Automation," and other products or services containing the same or similar technology disclosed and claimed in the Patents-in-Suit described herein (collectively, the "Accused Products").

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

6. This Court has subject matter jurisdiction pursuant to 38 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Alarm.com because Alarm.com conducts business in this District, regularly solicits business from, does business with, and derives value from services provided to customers in this District, and has committed, or intends imminently to commit, acts of patent infringement in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Alarm.com operates in this District and substantial acts of infringement have occurred and continue to occur in this District.

## THE PATENTS-IN-SUIT

9. On March 18, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,535,123 ("the '123 Patent"), titled "Electronic message delivery system" after a full and fair examination. A true and correct copy of the '123 Patent is attached as Exhibit A.

10. Vivint is the owner by assignment of the '123 Patent and holds all rights, title, and interest in and to the '123 Patent, including the right to sue and recover for all past, present, and future infringements.

11. On April 6, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,717,513 ("the '513 Patent"), titled "Electronic message delivery system utilizable in the monitoring of remote equipment and method of same" after a full and fair examination. A true and correct copy of the '513 Patent is attached as Exhibit B.

12. Vivint is the owner by assignment of the '513 Patent and holds all rights, title, and interest in and to the '513 Patent, including the right to sue and recover for all past, present, and future infringements.

13.     On October 8, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,462,654 ("the '654 Patent"), titled "Electronic message delivery system utilizable in the monitoring of remote equipment and method of same" after a full and fair examination.  A true and correct copy of the '654 Patent is attached as Exhibit C.

14.     Vivint is the owner by assignment of the '654 Patent and holds all rights, title, and interest in and to the '654 Patent, including the right to sue and recover for all past, present, and future infringements.

15.     On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,147,601 ("the '601 Patent"), titled "Electronic message delivery system utilizable in the monitoring of remote equipment and method of same" after a full and fair examination.  A true and correct copy of the '601 Patent is attached as Exhibit D.

16.     Vivint is the owner by assignment of the '601 Patent and holds all rights, title, and interest in and to the '601 Patent, including the right to sue and recover for all past, present, and future infringements.

17.     On August 2, 2005, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,924,727 ("the '727 Patent"), titled "Method for remote control of home-located electronic devices and a management facility" after a full and fair examination.  A true and correct copy of the '727 Patent is attached as Exhibit E.

18.     Vivint is the owner by assignment of the '727 Patent and holds all rights, title, and interest in and to the '727 Patent, including the right to sue and recover for all past, present, and future infringements.

19.    On February 8, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,884,713 ("the '713 Patent"), titled "Alerting based on location" after a full and fair examination.  A true and correct copy of the '713 Patent is attached as Exhibit F.

20.    Vivint is the owner by assignment of the '713 Patent and holds all rights, title, and interest in and to the '713 Patent, including the right to sue and recover for all past, present, and future infringements.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 6,535,123

21.    Vivint reincorporates and realleges all above paragraphs as if included herein.

22.    Alarm.com has actual knowledge of the '123 Patent no later than August 22, 2014 when it obtained a list of Vivint's patents.  On information and belief, Alarm.com reviewed and analyzed the '123 Patent.  Further, on information and belief, Alarm.com learned of the '123 Patent through its efforts to research and/or monitor patents in the technology area of the '123 Patent.

23.    Alarm.com has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) the '123 patent, including without limitation claim 13, by, among other things, making, selling, offering for sale, and using the Accused Products that embody the patented invention.  For example, without limitation, Alarm.com's "Interactive Security" product comprises a computer server in remote communication with panels and sensors.  The computer server has a user interface that can be remotely accessed via computer browser or mobile device to configure a profile containing routing instructions for sending notifications to mobile devices in response to various conditions, such as an unlocked front door.

24. Alarm.com has also knowingly induced infringement with intent and continues to induce infringement with intent of the '123 Patent, including without limitation claim 1, literally or under the doctrine of equivalents by, among other things, instructing its customers and providing services that facilitate the operation of the Accused Products that practice the patented systems. For example, without limitation, Alarm.com provides instructions on configuring its "Interactive Security" product such that a computer server is in remote communication with panels and sensors. The computer server has a user interface that can be remotely accessed via computer browser or mobile device to configure a profile containing routing instructions for sending notifications to mobile devices in response to various conditions, such as an unlocked front door.

25. Despite having knowledge of the '123 Patent, Alarm.com willfully and deliberately infringes the '123 Patent, including, without limitation, by continuing to provide the infringing Accused Products and instructing customers on its use.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,717,513

26. Vivint reincorporates and realleges all above paragraphs as if included herein.

27. Alarm.com has actual knowledge of the '513 Patent no later than August 22, 2014 when it obtained a list of Vivint's patents. On information and belief, Alarm.com reviewed and analyzed the '513 Patent. Further, on information and belief, Alarm.com learned of the '513 Patent through its efforts to research and/or monitor patents in the technology area of the '513 Patent.

28. Alarm.com has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) the '513 Patent, including without limitation claim 7, by,

among other things, making, selling, offering for sale, and using the Accused Products that embody the patented invention. For example, without limitation, Alarm.com's "Interactive Security" product practices a method of monitoring and controlling remote equipment such as an alarm panel. The "Interactive Security" product enables a user to set up notifications to the user's mobile device regarding the state of the panel, such as armed or not armed. The "Interactive Security" product further allows a user to remotely send controlling commands to the remote equipment, such as arm the system.

29. Alarm.com has also knowingly induced infringement with intent and continues to induce infringement with intent of the '513 Patent, including without limitation claim 8, literally or under the doctrine of equivalents by, among other things, instructing its customers and providing services that facilitate the operation of the Accused Products that practice the patented methods and systems. For example, without limitation, Alarm.com provides instructions on configuring and using a user's interface unit to be in bi-directional communication with an Alarm.com computer server for its "Interactive Security" product. The "Interactive Security" product enables a user to set up notifications to the user's mobile device regarding the state of the panel, such as armed or not armed. The "Interactive Security" product further allows a user to remotely send controlling commands to the remote equipment, such as arming the system.

30. Despite having knowledge of the '513 Patent, Alarm.com willfully and deliberately infringes the '513 Patent, including, without limitation, by continuing to provide the infringing Accused Products and instructing customers on its use.

**COUNT 3 – INFRINGEMENT OF U.S. PATENT NO. 6,462,654**

31. Vivint reincorporates and realleges all above paragraphs as if included herein.

32. Alarm.com has actual knowledge of the '654 Patent no later than August 22, 2014 when it obtained a list of Vivint's patents. On information and belief, Alarm.com reviewed and analyzed the '654 Patent. Further, on information and belief, Alarm.com learned of the '654 Patent through its efforts to research and/or monitor patents in the technology area of the '654 Patent.

33. Alarm.com has knowingly induced infringement with intent and continues to induce infringement with intent of the '654 Patent, including without limitation claim 9, literally or under the doctrine of equivalents by, among other things, instructing its customers and providing services that facilitate the operation of the Accused Products that practice the patented methods and systems. For example, without limitation, Alarm.com provides instructions on setting up and using its "interactive security" product that comprises a computer server in communication with a user's alarm panel. The alarm panel detects exception conditions such as a low battery in a sensor or tampering. The alarm panel forwards a message in response to this condition to Alarm.com's server.

34. Despite having knowledge of the '654 Patent, Alarm.com willfully and deliberately infringes the '654 Patent, including, without limitation, by continuing to provide the infringing Accused Products and instructing customers on its use.

## COUNT 4 – INFRINGEMENT OF U.S. PATENT NO. 6,147,601

35. Vivint reincorporates and realleges all above paragraphs as if included herein.

36. Alarm.com has actual knowledge of the '601 Patent no later than August 22, 2014 when it obtained a list of Vivint's patents. On information and belief, Alarm.com reviewed and analyzed the '601 Patent. Further, on information and belief, Alarm.com learned of the '601

Patent through its efforts to research and/or monitor patents in the technology area of the '601 Patent.

37. Alarm.com has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) the '601 Patent ), including without limitation claim 1, by, among other things, making, selling, offering for sale, and using the Accused Products that embody the patented invention. For example, without limitation, Alarm.com's "interactive security" product practices monitoring remote sensors and equipment. Alarm.com's "interactive security" product detects exception conditions such as a low battery in a sensor or tampering. Alarm.com's "interactive security" product can forward a message that is determined to be an exception message to a user's remote device as specified by the user in a profile. The user can remotely configure the profile.

38. Alarm.com has also knowingly induced infringement with intent and continues to induce infringement with intent of the '601 Patent, including without limitation claim 22, literally or under the doctrine of equivalents by, among other things, instructing its customers and providing services that facilitate the operation of the Accused Products that practice the patented methods and systems. For example, without limitation, Alarm.com provides a computer server as part of its "interactive security" product that is in communication with a user's alarm panel. The alarm panel detects exception conditions such as a low battery in a sensor or tampering. The alarm panel forwards a message in response to this condition to Alarm.com's server.

39. Despite having knowledge of the '601 Patent, Alarm.com willfully and deliberately infringes the '601 Patent, including, without limitation, by continuing to provide the infringing Accused Products and instructing customers on its use.

## COUNT 5 – INFRINGEMENT OF U.S. PATENT NO. 6,924,727

40. Vivint reincorporates and realleges all above paragraphs as if included herein.

41. Alarm.com has actual knowledge of the '727 Patent no later than August 22, 2014 when it obtained a list of Vivint's patents. On information and belief, Alarm.com reviewed and analyzed the '727 Patent. Further, on information and belief, Alarm.com learned of the '727 Patent through its efforts to research and/or monitor patents in the technology area of the '727 Patent.

42. Alarm.com has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) the '727 Patent, including without limitation claim 22, by, among other things, making, selling, offering for sale, and using the Accused Products that embody the patented invention. For example, without limitation, Alarm.com's "Home Automation" product remotely controls electronic devices at a user's home. Alarm.com's "Home Automation" product comprises a server that receives "requests to access" devices in a user's home. These requests can come from different types of devices such as computers and mobile devices. Upon information and belief, Alarm.com's server formats data relating to a user's home devices based on the display and communications capability of the requesting device.

43. Alarm.com has also knowingly induced infringement with intent and continues to induce infringement with intent of the '727 Patent, including without limitation claim 22,

literally or under the doctrine of equivalents by, among other things, instructing its customers and providing services that facilitate the operation of the Accused Products that practice the patented methods and systems. For example, without limitation, Alarm.com provides instructions to users for Alarm.com's "Home Automation" product that remotely controls electronic devices at a user's home. Alarm.com's "Home Automation" product comprises a server that receives "requests to access" devices in a user's home. These requests can come from different types of devices such as computers and mobile devices. Upon information and belief, Alarm.com's server formats data relating to a user's home devices based on the display and communications capability of the requesting device.

44. Despite having knowledge of the '727 Patent, Alarm.com willfully and deliberately infringes the '727 Patent, including, without limitation, by continuing to provide the infringing Accused Products and instructing customers on its use.

## COUNT 6 – INFRINGEMENT OF U.S. PATENT NO. 7,884,713

45. Vivint reincorporates and realleges all above paragraphs as if included herein.

46. Alarm.com has actual knowledge of the '713 Patent no later than August 22, 2014 when it obtained a list of Vivint's patents. On information and belief, Alarm.com reviewed and analyzed the '713 Patent. Further, on information and belief, Alarm.com learned of the '713 Patent through its efforts to research and/or monitor patents in the technology area of the '713 Patent.

47. Alarm.com has directly infringed and is still directly infringing (literally and/or under the doctrine of equivalents) the '713 Patent, including without limitation claim 1, by, among other things, making, selling, offering for sale, and using the Accused Products that

embody the patented invention. For example, without limitation, Alarm.com's "Interactive Security" product determines when a user has left their house without arming their alarm. Once the user has left a set area, they can choose to receive a notification, that the system is not armed in Alarm.com's "Interactive Security" product.

48. Alarm.com has also knowingly induced infringement with intent and continues to induce infringement with intent of the '713 Patent, including without limitation claim 1, literally or under the doctrine of equivalents by, among other things, instructing its customers and providing services that facilitate the operation of the Accused Products that practice the patented methods and systems. For example, without limitation, Alarm.com provides instructions for user's to use Alarm.com's "Interactive Security" so that it can determine when a user has left their house without arming their alarm. Once the user has left a set area, the user can choose to receive a notification that the system is not armed.

49. Despite having knowledge of the '713 Patent, Alarm.com willfully and deliberately infringes the '713 Patent, including, without limitation, by continuing to provide the infringing Accused Products and instructing customers on its use.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of all issues properly triable by jury.

## REQUEST FOR RELIEF

50. Upon information and belief, Alarm.com has caused or will cause, by its infringing conduct, irreparable harm to Vivint for which there is no adequate remedy at law. As a result of Alarm.com's actions, Vivint has suffered and continues to suffer substantial injury,

including irreparable harm and damages including loss of sales and profits that Vivint would have made but for the infringement by Alarm.com.

WHEREFORE, Vivint respectfully requests the following relief:

(a) A judgment holding Alarm.com liable for infringement of each of the Patents-in-Suit;

(b) A judgment holding that each of the Patents-in-Suit are enforceable and valid.

(c) A judgment and order requiring Alarm.com to pay Vivint its damages, costs, expenses, and pre-judgment and post-judgment interest for Alarm.com's infringement of each of the Patents-in-Suit, including (without limitation) damages for Alarm.com's past infringements occurring before the assignment of the Patents-in-Suit to Vivint;

(d) A judgment finding Alarm.com's infringement of each of the Patents-in-Suit is willful;

(e) A judgment against Alarm.com declaring that Vivint is titled to enhanced damages as a result of the knowing, deliberate, and willful nature of Alarm.com's infringement of each of the Patents-in-Suit;

(f) A judgment against Alarm.com declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 as against Alarm.com and awarding Vivint its reasonable attorneys' fees against Alarm.com; and

(g) A preliminary and permanent injunction preventing Alarm.com, and the directors, officers, agents, servants, employees, and those acting in concert or participation with Alarm.com from committing acts of infringement of each of the Patents-in-Suit.

(h) Any and all such other relief as this Court deems just and proper.

Dated:  June 2, 2015

Respectfully submitted,

*/s/ Brent O. Hatch*
HATCH, JAMES & DODGE, PC
Brent O. Hatch
Shaunda L. McNeill

WEIL, GOTSHAL & MANGES LLP
Robert S. Berezin
Douglas W. McClellan

*Attorneys for Plaintiff Vivint, Inc.*

14