IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC.,<br><br>               Plaintiff,<br>v.<br><br>ALARM.COM INC.,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY AND DENYING WITHOUT PREJUDICE MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL<br><br>Case No. 2:15-CV-392 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      Defendant Alarm.com Inc. seeks to stay this litigation pending the outcome of the now instituted *inter partes* review (IPR) proceedings for five of the six patents asserted in this litigation by Plaintiff Vivint, Inc.[1] The court previously denied Defendants motion to stay based primarily on the fact that the Patent Trial and Appeal Board (PTAB) had yet to grant the petition for review.[2] Because the PTAB has granted IPR proceedings and for the reasons set forth below the court grants the renewed Motion to Stay.

      In addition, because the court grants the Motion to Stay the court DENIES WITHOUT PREJUDICE Defendant's Motion for Protective Order[3] and Plaintiff's Motion to Compel.[4]

---

[1] Docket no. 60. This matter is referred to the undersigned by Judge Waddoups according to 28 USC 636 (b)(1)(A). This order follows the hearing held on these motions.

[2] *See* Order dated December 14, 2015, docket no. 53; *see also Trover Group, Inc. v. Dedicated Mircros USA*, 2015 WL 1069179 (E.D. Texas March 11, 2015) (denying a motion for stay when the PTAB had yet to act on a petition for review).

[3] Docket no. 77.

[4] Docket no. 87.

BACKGROUND

Plaintiff Vivint, Inc. and Defendant Alarm.com are both in the home security and automation businesses. As noted previously by Vivint, this industry "consists of (1) companies that have developed a "backend" computer system and that provide backend home security and automation services and (2) dealers that directly sell home security and automation functionality to end users."[5]

Vivint filed its First Amended Complaint on June 10, 2015 alleging that Alarm.com infringed six patents.[6] Between September 24, 2015 and September 30, 2015, Alarm.com filed eight petitions for *inter partes* review (IPR) before the Patent Trial and Appeal Board (PTAB). Alarm.com alleges that 200 out of the total 204 claims of the asserted patents are unpatentable due to either anticipation or obviousness. The parties are still within the fact discovery period which ends September 29, 2016.[7]

DISCUSSION

In 2012 the Leahy-Smith America Invents Act (AIA) replaced the former *inter parties* reexamination proceeding with an *inter parties review* (IPR) process.[8] IPR allows a party to bring an adversarial proceeding to seek cancellation of one or more claims on grounds of obviousness or novelty.[9] The IPR is designed to further the AIA's goal of "establish[ing] a more

---

[5] Op. to original motion to stay p. ix, docket no. 44.

[6] U.S. Patent Nos. 6,147,601; 6,462,654; 6,535,123; 6,717,513; 6,924,727; and 7,884,713.

[7] *See* Order granting the parties' joint motion to extend discovery and claim construction proceedings, docket no. 80.

[8] *See* 35 U.S.C. §§ 311-319.

[9] *See id.* §§ 102, 103, 311.

efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."[10]

Once a petition for IPR is filed the patent owner has three months to file a preliminary response to the petition.[11] The PTAB must then decide within three months whether to institute the IPR.[12] The PTAB institutes the IPR if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."[13] To say the IPR process has become popular with patent litigants is an understatement. Based on statistics released by the PTO, the number of IPR petitions filed in 2013 to 2015 has more than tripled from 514 to 1737.[14]

Courts have also benefited from the new IPR process because it has helped simplify the often complicated landscape of patent disputes and has resolved many matters without district courts having to hold trials on patent validity. To that end, "Courts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'"[15] This helps to conserve both the resources of the court and the parties because if the IPR petitions result in narrowed claims or invalid patents much of a lawsuit will disappear.

---

[10] *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012).

[11] *See* 35 U.S.C. § 313; 37 C.F.R. § 42.107(b).

[12] *See* 35 U.S.C. § 314(b).

[13] *Id*. § 314(b).

[14] *See* October 2015 AIA Trial Statistics found at http://www.uspto.gov/patents-application-process/appealing-patent-decisions/statistics/aia-trial-statistics (last accessed September 6, 2016).

[15] *Icon Health & Fitness, Inc. v. Park City Entertainment, Inc.*, 2011 WL 5239733 *2 (D.Utah Nov. 1, 2011) (quoting *ACII Corp v. STD Ent. USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D.Cal. 1994); *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, *2 (S.D.N.Y. Aug. 10, 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings.").

Courts have "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."[16]  In considering a motion to stay pending an IPR, courts generally examine three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.[17]  Recently the Federal Circuit in *VirtualAgility v. Salesforce.com* also noted the practical application of a fourth factor – whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the court.[18]  In this same decision, which was an appeal of a district court's denial to stay an action pending CBM review, the court stated that while "a motion to stay could be granted even before the PTAB rules on a port-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted."[19]

**(i)     Factors**

Here the court finds that the factors weigh in favor of a stay.  First discovery is not complete and the scheduling conference to set a trial date is set for December 2016.

Second, the court finds that a stay will simplify both the issues in this case and the trial. Plaintiff argues that because the PTAB "declined to institute on claims in three of the six Patents-in-Suit" that a stay will not "substantially simplify the issues for trial."[20]  The court is not persuaded by this argument because the "question is merely whether the issues will be

---

[16] *Ethicon, INc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed.Cir. 1989).

[17] *Buttercup Legacy LLC v. Michilin Prosperity Co.*, 2012 WL 1493947 *1 (D.Utah Apr. 27 2012) (granting motion to stay pending reexamination).

[18] *See VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1310 (Fed. Cir. 2014).

[19] *Id.* at 1315.  CBM stands for covered business method.  The post-grant review process of CBM patents is sufficiently similar to technological invention patent review via IPR that the Federal Circuit's decision is applicable to the instant matter.

[20] Op. p. 1, docket no. 67.

simplified, and not whether the entire case will be resolved."[21] An IPR review need not dispose of a case completely to simplify the issues in a case. For example, even if a few claims are invalidated or cancelled, then the court and the parties will not have to address the validity of infringement as to those claims. The court is unaware of any minimum threshold of instituted IPR proceedings to warrant a stay and it is unwilling to adopt Plaintiff's position in this case.

Third, the court must determine whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party? Out of the three factors this is perhaps the closest call due to some unique circumstances in this case. Chief of which is Defendants filing of IPR requests in a "multi-wave" approach. Rather than filing all the requests for IPR at one time Defendant has chosen to use multiple filings. Plaintiff argues this situation increases the prejudice because the patents at issue are set to expire in May 2019 and the likely final Federal Circuit appeal will be resolved in February 2019. During oral argument Plaintiff pointed to these facts and seemed to suggest that the court should consider another factor in its analysis – when a patent will expire. The court declines to do so and fails to find any precedent adopting the consideration of such a factor. Much of the evidence in support of the alleged prejudice is speculative in nature and based upon the record before the court, the court finds this factor ultimately weighs in favor of a stay.

Finally, as noted earlier, the Federal Circuit alluded to a fourth factor in *VirtualAgility v. Salesforce.com*.[22] This factor – whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the court leans in favor of granting a stay. Both parties will benefit

---

[21] *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 138 F.Supp.3d 1032, 1038 (E.D. Wisconsin 2015). *See Serv. Solutions U.S. LLC v. Autel.US Inc.*, 2015 WL 401009, at *3 (E.D.Mich. Jan. 28, 2015) (finding that "an IPR review need not dispose of a case completely to simplify the issues of a case"); *see also Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277, at *5–6 (N.D.Cal. Feb. 28, 2014) (rejecting proposition that IPRs must "eliminate all of the issues in this litigation").

[22] *See VirtualAgility v. Salesforce.com*, 759 F.3d 1307, 1310 (Fed. Cir. 2014).

from the reduction of unnecessary discovery. And, given the history of this case and the parties' propensity to filing motions, the court is also likely to benefit from a stay that will reduce the burden of litigating issues resolved by the PTAB.

ORDER

In accordance with the reasons set forth above and articulated at the conclusions of oral argument, the court GRANTS the Motion to Stay.[23] Because this matter is stayed the court further DENIES WITHOUT PREJUDICE Defendant's Motion for Protective Order[24] and Plaintiff's Motion to Compel.[25]

DATED this 12 September 2016.

Brooke C. Wells
United States Magistrate Judge

---

[23] Docket no. 60. *See Murata Mach. USA, Inc. v. Daifuku Co., Ltd*., No. 2:13CV866 DAK, 2015 WL 5178456, at *1 (D. Utah Sept. 4, 2015) (denying request to lift a stay previously granted based on pending inter partes review); *Norred v. Medtronic*, Inc., No. 13-2061-EFM/TJJ, 2014 WL 554685, at *4 (D. Kan. Feb. 12, 2014) (staying litigation pending the outcome of inter partes review); *see also Cellport Sys., Inc. v. BMW of N. Am., LLC*, No. 14-cv-01631-PAB-KLM, 2015 WL 1826584, at *3 (D. Colo. Apr. 17, 2015) (staying trademark litigation pending the outcome of inter partes review before PTAB); *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, *2 (S.D.N.Y. Aug. 10, 2000) ("Courts have routinely stayed infringement actions pending the outcome of reexamination proceedings.")..

[24] Docket no. 77.

[25] Docket no. 87.

6