IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC., <br><br> Plaintiff, <br> v. <br> ALARM.COM INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING VIVINT, INC.'S MOTION TO COMPEL <br><br> Case No. 2:15-cv-392 CW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Judge Waddoups in accordance with 28 U.S.C. 636 (b)(1)(A). Pending before the court is Plaintiff Vivint, Inc.'s Motion to Compel Alarm.com to Appear for 30(b)(6) Depositions.[1] The court will resolve the motion without hearing oral argument.[2]

This dispute centers on the interpretation of the scheduling order. The scheduling order provides in relevant part:

| 2. | DISCOVERY LIMITATIONS | NUMBER |
|---|---|---|
| A. | Maximum Number of party and non-party Deposition hours By Plaintiff, absent good cause shown | 120, of which at most 50 for 30(b)(6) witnesses[3] |

Vivint states it needs "18 hours to complete its 30(b)(6) deposition of ADC's three remaining designees on 24 topics."[4] Vivint points to the scheduling order arguing that it

---

[1] ECF No. 230.

[2] *See* DUCivR 7-1(f) (2018).

[3] Patent Case Scheduling Order p. 2, ECF No. 39.

[4] Motion p. 1.

"believes it has expended 32 of its 50 allotted 30(b)(6) deposition hours."[5] Vivint argues the scheduling order and report "afforded each party 120 hours for party *and* non-party depositions. Of those hours, up to 50 may be allotted towards 30(b)(6) witnesses."[6] Vivint claims the 50-hour limitation is directed at party depositions and not all 30(b)(6) depositions in order to protect the parties.

In contrast, Alarm.com calculates that there are only 4 hours of the allotted 30(b)(6) hours left for Vivint. Alarm.com points to the plain language of the scheduling order arguing the use of "Maximum number of party and non-party Deposition hours by Plaintiff" in the sentence supports an agreement to a 50-hour limit on all 30(b)(6) depositions and does not distinguish between party and non-party hours.

The court agrees with Alarm.com's interpretation of the scheduling order. The plain language does not support Vivint's reading that the 50-hour limitation is directed at only party depositions. Further, the court is not persuaded by Vivint's arguments concerning the alleged purposes of the time limit or the parties' agreement to consult regarding the 7-hour limit per deposition. The court therefore DENIES Vivint's motion.[7]

Vivint's Motion to Compel is DENIED.[8]

---

[5] *Id.* p. 2.

[6] *Id.*

[7] The court notes that currently pending is a motion to stay this case which may have had an impact on the instant motion. *See* ECF No. 235.

[8] Even if the court were to construe Vivint's motion as an attempt to modify the scheduling order, Vivint has failed to make the requisite showing of good cause to modify the scheduling order. *See* Fed. R. Civ. P. 6.

DATED this 15 November 2018.

_____
Brooke C. Wells
United States Magistrate Judge