# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALARM.COM INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING VIVINT'S MOTION FOR LEAVE TO SUPPLEMENT ITS APPENDIX**<br><br>Case No. 2:15-cv-00392<br><br>District Judge Clark Waddoups |

Before the court is Plaintiff Vivnt, Inc.'s Motion for Leave to Supplement Its Appendix. (ECF No. 265). For the reasons stated below, the court DENIES Vivint's Motion.

## Background

On June 6, 2018, Alarm.com filed its Motion for Partial Summary Judgment of Invalidity. (ECF No. 174.) In this Motion, Alarm.com requested that the Court grant its Motion on claims 17, 18, 22, 25, and 28 of the '654 Patent "on the grounds they are invalid under 35 U.S.C. § 112 for indefiniteness." (ECF No. 174 at 5.) The '654 patent claim term at issue is "message generating mechanism." (ECF No. 174 at 5.) Alarm.com argued that because that term "'recites function without reciting sufficient structure for performing that function' [it] should be analyzed under § 112 ¶ 6." (ECF No. 174 at 15 (quoting *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015).) Alarm.com also argued that "[b]ecause the '654 Patent specification fails to disclose a corresponding structure that is clearly linked to the claimed functions of the 'message generating mechanism' in claims 17, 18, 22, 25, and 28, these claims are indefinite under § 112 ¶ 6." (ECF No. 174 at 15.)

In response, Vivint argued that Alarm.com's "argument that the asserted claims of the

1

'654 patent are invalid for indefiniteness fails, first, because [Alarm.com] has not shown the 'messaging generating mechanism' limitations are [means-plus function]—and second because, even if 'message generating mechanism' were [means-plus-function], the specification *does* adequately disclose corresponding structure (including an algorithm)." (ECF No. 203 at 7 (emphasis in original).) Vivint also submitted an Appendix in support of its opposition. (ECF No. 204.)

On September 21, 2018, Alarm.com filed its Reply in support of its Motion. (ECF No. 222.)

On March 27, 2019, Vivint filed a Motion for Leave to Supplement the appendix . . . for its opposition to Alarm.com Motion for Partial Summary Judgment on Invalidity.[1] (ECF No. 265.) In this Motion, Vivint states that it "became aware that the attached excerpts from the declaration and deposition by an expert for Alarm.com . . . in *Inter Partes* Review . . . are inconsistent with Alarm.com's summary judgment position." (ECF No. 265 at 2.) Vivint wishes to submit portions of a declaration, and portions of deposition testimony, of Alarm.com's expert in the IPR proceedings— Arthur Zatarian. (*See* ECF No. 265 at 2.) It appears that the specific paragraph of the declaration that Vivint wishes to introduce is paragraph 70, which provides:

> I agree that 'CPU 804, multiplexer 805, and radio 801, wherein the CPU executes an algorithm that generates a message, that includes an indication of message format, an indication of the equipment to which the message relates, and an indication of the specific exception condition if an exception condition exists' is a reasonable construction of this claim term. As a PHOSITA at the time of the priority date, I believe my opinion in this regard would have been the same at that time.

---

[1] On December 7, 2018, the court entered an order setting a Notice of Hearing on Alarm.com's Motion for Partial Summary Judgment of Invalidity for April 3, 2019 at 10:00 a m. (ECF No. 249 at 27.) Vivint filed its Motion for Leave to Supplement Its Appendix on March 27, 2019—just one week before the scheduled hearing date.

(ECF No. 265-1 at 9.)

The relevant deposition testimony provides:

> Q. I'm handing you Exhibit 1107 from the '654 patent proceeding . . . I'd like you to look at paragraph 70.
>
> Q. In paragraph 70, you start with 'I agree that CPU 804, multiplexer 805, and radio 801,' and it goes on, it says 'is a reasonable construction of this claim term,' and we're referring to message-generating mechanisms . . . Do you still agree that a message-generating mechanism is the CPU 804, the multiplexer 805 and the radio 801?
>
> A. I still believe that that is a reasonable construction based on the contents of the specification. And in trying to find a structure through the specification and what's disclosed in the specification to define a structure, all of that was what we determined was a reasonable—a reasonable construction.

(ECF No. 265-2 at 6–7.)

On April 1, 2019, Alarm.com filed its Opposition to Vivint's Motion to Supplement. (ECF No. 267.) In this Motion Alarm.com argued that "Vivint's Motion is fatally untimely." (ECF No. 267 at 4.) Alarm.com argued "[t]he time for Vivint to submit any evidence" expired when its Opposition to the Summary Judgment motion was due—on August 7, 2018. (ECF No. 267 at 4.) Alarm.com also argued that Mr. Zatarain's testimony "is fully consistent with Alarm.com's summary judgment position." (ECF No. 267 at 6.)

<u>Analysis</u>

Alarm.com argues that "[a]ny relief from [the relevant] scheduling order requires Vivint to satisfy the excusable neglect standard of Rule 6(b)(1)(B)." (ECF No. 267 at 4 (citing *E.E.O.C. v. Peabody Western Coal Co.*, 773 F.3d 977, 990 (9th Cir. 2014).) Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R.

Civ. P. 6(b)(1)(B). The court agrees that Vivint must satisfy Rule 6's excusable neglect standard.

"In determining whether a movant has shown excusable neglect, a court should consider the circumstances, including: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith." *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 632 (D.N.M. 2013). "The reason for delay is an important, if not the most important, factor in this analysis." *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

Alarm.com argues that "Vivint has not even tried to explain in its Motion to Supplement why its untimeliness should be excused, and therefore the Motion to Supplement should be denied." (ECF No. 267 at 4–5 (citation omitted).) The court agrees that because Vivint failed to argue excusable neglect, its motion must be denied. The court denies Vivint's Motion, (ECF No. 265) on this basis. Alternatively, the court finds that the third factor—the reason for the delay weighs so greatly against Vivint that the court would also deny on this basis. The court agrees with Alarm.com that the testimony Vivint seeks to introduce could have been introduced at the time it filed its Opposition. Vivint's failure to introduce this evidence then does not constitute excusable neglect.

## Conclusion

Because Vivint has failed to demonstrate excusable neglect, its Motion, (ECF No. 265) is DENIED under Rule 6(b)(1)(B).

DATED this 1st day of April, 2019.

BY THE COURT:

_Clark Waddoups_
Clark Waddoups
United States District Judge