Mark M. Bettilyon (4798)
THORPE NORTH & WESTERN LLP
The Walker Center
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
Telephone:  (801) 566-6633
mark.bettilyon@tnw.com

Richard J. Stark (*pro hac vice*)
Marc J. Khadpe (*pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
rstark@cravath.com
mkhadpe@cravath.com

*Attorneys for Defendant Alarm.com Incorporated*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC.,<br><br>                             Plaintiff,<br><br>v.<br><br>ALARM.COM INC.,<br><br>                             Defendant. | **ALARM.COM INCORPORATED'S OBJECTIONS TO MAGISTRATE JUDGE CECILIA ROMERO'S JANUARY 22, 2020 RULING AND ORDER**<br><br>Case No. 2:15-cv-00392-CW-CMR<br><br>District Judge Clark Waddoups<br>Magistrate Judge Cecilia M. Romero |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

RELIEF SOUGHT AND GROUNDS FOR MOTION ..................................................... 1

BACKGROUND .............................................................................................................. 1

ARGUMENT .................................................................................................................... 3

I.      Standard of Review ................................................................................................ 3

II.     The Order Granting Vivint's Motion Should be Reversed. ............................... 3

       A.     The Order Is Contrary to Law. ............................................................. 3

       B.     The Order Is Clearly Erroneous. .......................................................... 6

III.    The Order Denying Alarm.com's Motion for Protective Order Should be Reversed. ...... 7

       A.     Standing. ................................................................................................ 7

       B.     The "Good Cause" Balancing Test. ...................................................... 7

       C.     Possession, Custody, or Control. .......................................................... 9

       D.     The Order is Clearly Erroneous. ........................................................ 10

CONCLUSION ............................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alarm.com v. SecureNet Technologies LLC*, No. 1:15-cv-00807-RGA-CJB (D. Del.) ...........................................................................................................................2

*EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31 (D.D.C. 2012) ...............................5

*Gottlieb v. Wiles*, 143 F.R.D. 241 (D. Colo. 1992)..........................................................9

*Gulf Coast Shippers Ltd. v. DHL Express (USA), Inc.*, 2011 WL 5102270 (D. Utah Oct. 26, 2011)......................................................................................................7

*In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145 (D. Kan. 2010)....................................................................................................................3

*Jackson v. Dollar Gen. Store*, 2014 WL 540828 (D. Utah Feb. 10, 2014)....................9

*KomBea Corp. v. Noguar, L.C.*, 2014 WL 5339387 (D. Utah Oct. 20, 2014) ............7, 8

*Mediatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 588760 (N.D. Cal. Feb. 13, 2013) ....................................................................................................................4

*Nidec Corp. v. LG Innotek Co.*, 2009 WL 3673253 (E.D. Tex. Sept. 2, 2009)..............5

*Oil-Dri Crop. of Am. v. Nestle Purina Petcare Co.*, 2018 WL 1071443 (N.D. Ill. Feb. 26, 2018) .............................................................................................................4

*Owner-Operator Independent Drivers Ass'n, Inc. v. C.R. England, Inc.*, 2009 WL 5066679 (D. Utah Dec. 16, 2009).........................................................................3

*Rohrbough v. Harris*, 549 F.3d 1313 (10th Cir. 2008) ...................................................8

*Shields v. U.S. Bank Nat'l Ass'n ND*, 2006 WL 8440797 (D. Kan. Apr. 25, 2006).......8

*Uroza v. Salt Lake Cty.*, 2014 WL 670236 (D. Utah Feb. 20, 2014)...........................8, 9

**Statutes & Rules**

Fed. R. Civ. P. 26...............................................................................................................7

Fed. R. Civ. P. 26(c) .........................................................................................................8

Fed. R. Civ. P. 26(c)(1).....................................................................................................7

Fed. R. Civ. P. 34 ................................................................................................9

Fed. R. Civ. P. 34(a)(1) ...............................................................................9, 10

Fed. R. Civ. P. 45 ................................................................................................9

Fed. R. Civ. P. 72(a) ........................................................................................1, 3

LPR 2.3 ................................................................................................................4

LPR 2.3(a)-(h) .....................................................................................................3

LPR 2.3(b) ...........................................................................................................3

LPR 2.3(c) .......................................................................................................3, 6

LPR 3.1 ................................................................................................................3

LPR 3.4 ..........................................................................................................3, 4, 6

N.D. Cal. Patent Local Rule 3-1 .........................................................................4

**Other Authorities**

Rules of the U.S. District Court for the District of Columbia ............................5

8A Wright & Miller, *Federal Practice and Procedure* § 2035 (3d ed. 2008) ...............................7

8A Wright & Miller, *Federal Practice and Procedure* § 2210 (3d ed. 2008) ...............................9

## RELIEF SOUGHT AND GROUNDS FOR MOTION

Pursuant to Federal Rule of Civil Procedure 72(a), Alarm.com objects to two discovery rulings issued by Magistrate Judge Romero.  (Ex. 1 (the "Order", ECF 312).)  Alarm.com respectfully requests that this Court set aside the Order as contrary to law and clearly erroneous. Absent a stay, Alarm.com will of course comply with the Order's production deadline, but requests that the Court order Vivint to return/destroy the materials and refrain from using them.

## BACKGROUND

*Vivint's Motion.*  Vivint moved to compel production of source code for Alarm.com's Insights Engine.[1]  Vivint was aware of the Insights Engine when it served its Final Infringement Contentions on May 12, 2016.  (*See* ECF 59 at 2.)  Prior to that time, on April 25, 2016, Alarm.com had made pre-release Insights Engine source code available for Vivint's inspection as part of a comprehensive production of source code at that early stage.  (ECF 288-01 at ¶ 6.) And Vivint's counsel asked Alarm.com Chief Systems Architect David Hutz about the feature at his May 4, 2016 deposition.  (ECF 290-03 at 200:4-203:21.)  Despite knowledge of the functionality, Vivint did not mention the Insights Engine (or the "aberration engine", as it was known internally during development) in its Final Infringement Contentions.

Alarm.com made the Insights Engine generally available to its dealer partners on September 22, 2016.  (ECF 290-04 at ¶ 6-7.)  On January 3, 2017, Alarm.com publicly announced the release of the Insights Engine.  (ECF 288-02.)  Six months later, on July 25, 2017, Vivint served its Amended Final Infringement Contentions ("AFICs"), but still failed to mention the Insights Engine.  (ECF 285-04; 285-05.)  It was not until May 13, 2019 (six months after the

---

[1] The Insights Engine is a machine learning capability that uses activity patterns to alert users of potential safety or security issues without the user having to configure specific notifications.

1

close of fact discovery on December 7, 2018, and *three years* after Vivint questioned Mr. Hutz about the Insights Engine functionality) that Vivint sought the source code at issue in this motion.  (*See* Khadpe Decl. ¶ 6.)  Alarm.com declined to produce the source code because ***the Insights Engine does not appear in Vivint's AFICs, and thus is not a part of this case***.  Vivint moved to compel the production of Insights Engine source code on June 21, 2019 ("Vivint's Motion").  (ECF 285.)  Alarm.com opposed.  (ECF 288.)  The Order grants Vivint's Motion.

     ***Alarm.com's Motion.***  Alarm.com's Motion for Protective Order ("Alarm.com's Motion") sought to prevent Vivint from obtaining unredacted briefing and expert reports from an unrelated litigation with non-party SecureNet Technologies involving patents not at issue here.[2]

     On November 9, 2018, Vivint served SecureNet with a subpoena comprising 14 requests for documents (the "Subpoena") seeking SecureNet business records.  (ECF 295-02.) Alarm.com and Vivint agreed that Vivint could pursue the Subpoena after the close of fact discovery on December 7, 2018.  (ECF 295-09; 296-04.)  ***However, none of the Subpoena's requests sought materials from, or even mentioned, the unrelated SecureNet litigation.***

     On August 29, 2019, SecureNet's counsel notified Alarm.com that Vivint had "narrowed" the Subpoena to seek two categories of documents from the *SecureNet* litigation:  (1) "damages expert reports", and (2) "unredacted summary judgment and *Daubert* briefing regarding lost profits" (the "Delaware Materials").  (ECF 295-03.)  Alarm.com notified Vivint that its new request for the Delaware Materials was improper and moved for a protective order on September 20, 2019.  (ECF 295.)  Vivint opposed.  (ECF 296.)  The Court denied Alarm.com leave to reply.  (ECF 301.)  The Order denies Alarm.com's Motion.

---

[2] *Alarm.com v. SecureNet Technologies LLC*, No. 1:15-cv-00807-RGA-CJB (D. Del.).

## ARGUMENT

### I.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(a), "[t]he district judge . . . must . . . modify or set aside any part of [a magistrate judge's non-dispositive] order that is clearly erroneous or is contrary to law".  As to factual findings, the Court applies the clearly erroneous standard of review.  *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1147 (D. Kan. 2010).  As to legal matters, the court conducts an "independent", "plenary review, and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard".  *Id*. at 1148 (citing *Owner-Operator Independent Drivers Ass'n, Inc. v. C.R. England, Inc.*, 2009 WL 5066679, at *2 (D. Utah Dec. 16, 2009)).

### II.  THE ORDER GRANTING VIVINT'S MOTION SHOULD BE REVERSED.

A.  <u>The Order Is Contrary to Law.</u>

The Order granting Vivint's motion is contrary to law because it contravenes this District's Local Patent Rules ("LPRs").  The LPRs require that in the plaintiff's Initial Infringement Contentions, "[e]ach Accused Instrumentality must be identified by name, if known, or by any product, device, or apparatus." LPR 2.3(b).  Further, the initial contentions must include "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." LPR 2.3(c).  Subsequently, plaintiff must serve its Final Infringement Contentions "containing the information required by LPR 2.3 (a)-(h)". LPR 3.1.  The evident purpose of these rules is to require the plaintiff to meaningfully narrow and focus its infringement allegations to promote "greater predictability and planning for the court and the litigants". LPR Preamble.  This narrowing and focusing is intended to be binding—LPR 3.4

provides that the AFICs may be amended "only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later than fourteen (14) days of the discovery of the basis for the amendment."[3]

The Order misconstrues and misapplies the LPRs. It holds that LPR 2.3 does not require "precise, specific, or explicit identification of each accused instrumentality", and instead permits discovery on products "reasonably similar" to those identified in a party's infringement contentions. (Order at 4.) This determination is contrary to the plain language of the LPRs. Nothing in the LPRs provides that a plaintiff's *Final* Infringement Contentions are not "final", or are mere non-binding suggestions to be seen as not "specific" and extending loosely to "reasonably similar" products. Allowing Vivint to pursue discovery of an Accused Instrumentality not named or otherwise identified in its AFICs—particularly when Vivint knew the identity of the instrumentality—contravenes the LPRs and renders the concept of Final Infringement Contentions under the LPRs meaningless.

While there is no applicable caselaw in this District, relevant cases from other districts support Alarm.com's position and are inconsistent with the Order. Courts in districts with local patent rules similar to this District's have declined to allow discovery of products not identified in infringement contentions. *See, e.g., Mediatek, Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 588760, at *4 (N.D. Cal. Feb. 13, 2013) ("If a party identifies additional infringing products after service of the PICs, then it must move to amend the PICs to include the additional accused products before seeking discovery on them"); N.D. Cal. Patent Local Rule 3-1.

---

[3] Other districts have adopted similar rules for the same purpose. *See, e.g., Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, 2018 WL 1071443, at *2 (N.D. Ill. Feb. 26, 2018) (local patent rules operate to "allow the parties to narrow their discovery requests"); *Mediatek*, 2013 WL 588760, at *1 (local patent rules aim to "streamline the litigation process").

The Order misconstrues and misapplies other cases.  The Order relies heavily on *EPOS Techs. v. Pegasus Techs.*, 842 F. Supp. 2d 31 (D.D.C. 2012).  But the District of Columbia has no local patent rules.  *See* D.D.C. Rules.  Instead, *EPOS* had to do with a definition the patent holder had used in interrogatories it served on the alleged infringer.  842 F. Supp. 2d at 32-33.  Thus, *EPOS* carries no weight on the interpretation of this (or any) District's LPRs.  The Order (as the *EPOS* decision did) also relies on two cases from the Eastern District of Texas.  Both of the Texas cases apply local caselaw to the effect that if "infringement contentions give notice of a specific *theory* of infringement" and "the products for which a plaintiff seeks discovery operate in a manner reasonably similar to that *theory*", discovery may be allowed.  *See Nidec Corp. v. LG Innotek Co.*, 2009 WL 3673253 at *2 (E.D. Tex. Sept. 2, 2009) (emphasis added).  But the rule in the Eastern District of Texas (well known as the most extremely patent plaintiff-friendly forum) is not the law in this District.  The LPRs here make no reference to identification of a "theory" and no allowance for reaching products operating "in a manner reasonably similar to that theory".  Instead, this District's LPRs require specific identification of each Accused Instrumentality, "by name, if known", and "a chart identifying specifically" each element "in each Accused Instrumentality".  This is a fundamentally different—and stricter—requirement than the Eastern District of Texas's "reasonably similar" standard.

Because of these legal errors, the Order is contrary to law.  Alarm.com included the Insights Engine in its production prior to the time of Vivint's AFICs.  This enabled Vivint to decide what course to pursue, and it chose not to identify the Insights Engine in its AFICs.  Vivint indisputably knew the (in-development) name of the Insights Engine ("aberration engine"), but failed to identify that instrumentality by name or by any other means.  And despite

the requirements of LPR 2.3(c), Vivint's AFICs fail to "identify[] specifically where" any element of any claim supposedly "is found" within the Insights Engine.

Vivint never sought leave to further amend its AFICs as required by LPR 3.4, but now, as an apparent afterthought, seeks to expand its infringement accusations *years* after serving its AFICs and long after the claim construction briefing and hearing have occurred.  The LPRs do not sanction such conduct.  Indeed, no case cited by either party, or the Order, permitted such conduct by a plaintiff—all involved much earlier stages of discovery.  Vivint should be precluded from expanding its contentions at this extremely late date.

      B.     <u>The Order Is Clearly Erroneous.</u>

Even assuming, *arguendo*, that the Eastern District of Texas standard applies, the Order is clearly erroneous.  *First*, Vivint's AFICs provide no notice that the Insights Engine, aberration engine, machine learning, or anything of the sort was included in the scope of its infringement theory.  The Order finds that Alarm.com was "on notice of Plaintiff's theory of infringement related to Insights Engine as portions of the pre-release Insight Engines source code was produced."  Order at 4.  But as counsel explained at oral argument (Ex. 2 at 31:1-25), Alarm.com produced all the available code as part of a good-faith production in response to Vivint's broad requests for production.[4]  The fact of that production has to do with that specific RFP, not notice of any theory.

*Second*, the determination that the Insights Engine "operates in a manner *reasonably*

---

[4] *E.g.*, "All documents and things related to the functionality . . . of Alarm.com's Backend Technology as related to Notifications, Remote Control, Geolocation Services, Subscriber Device Message Formatting, Cellular Radio Modules and System Architecture . . . ."  (ECF 285-01 at RFP No. 34.)

*similar* to Plaintiff's theory of infringement based on 'time based triggers'" is clearly erroneous. (Order at 4.)  The "time-based triggers" that Vivint points to in its AFICs focus on ***user-configured*** notifications.[5]  The Insights Engine is a machine learning capability that automatically alerts users ***without*** the user having to configure specific notifications.  These two concepts are not "reasonably similar"; they are fundamentally different.  It should also be noted that none of Vivint's patent claims read on "time based triggers"; that is not a plausible "theory" of infringement from which one can fairly determine "reasonably similar" products.

## III. THE ORDER DENYING ALARM.COM'S MOTION FOR PROTECTIVE ORDER SHOULD BE REVERSED.

### A.   Standing.

Fed. R. Civ. P. 26(c)(1) provides that "[a] party **or** "any person from whom discovery is sought" may move for a protective order.  *Id.*  Alarm.com has standing because it is *a party* in this case.  It is not (in this instance) a person from whom discovery is sought—but it does not need to be.  "A party has standing to move for a protective order with regard to a subpoena served on a nonparty."  8A Wright & Miller, *Federal Practice and Procedure* § 2035, at n.31 (3d ed. 2008) ("Wright & Miller"); *Gulf Coast Shippers Ltd. v. DHL Express (USA), Inc.*, 2011 WL 5102270, at *1 (D. Utah Oct. 26, 2011) (same).  The Order, therefore, is contrary to law.

### B.   The "Good Cause" Balancing Test.

Rule 26 provides that the Court may issue a protective order "for good cause".  The test for determining good cause is whether the burden the moving party faces without the protective order outweighs the burden the non-moving party would face if the order were issued.  *KomBea*

---

[5] *See, e.g.,* ECF 285-04 at 124 (user must manually set up alert for a "specific time period"); *id.* 141-42 ("user-defined message profile" determines whether notifications are sent).

*Corp. v. Noguar, L.C.*, 2014 WL 5339387, at *1 (D. Utah Oct. 20, 2014); *see also Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("[T]he 'good cause' standard of Rule 26(c) is highly flexible" and "accommodate[s] all relevant interests") (internal quotation marks omitted). The Order fails to apply this balancing test.  In particular, it fails to consider the burden faced by Alarm.com and fails to consider that Vivint did not show that it would be burdened by the protective order.

Alarm.com demonstrated good cause for the issuance of a protective order in that the Delaware Materials, which concern a ***different litigation*** about ***different patents*** and an expert ***not retained in this action***, are entirely irrelevant here.  For Alarm.com to be forced to spend any resources addressing such irrelevant matters (*e.g.*, in defending depositions, preparing expert reports, and other pretrial matters) is an undue burden.  *See, e.g.*, *Uroza v. Salt Lake Cty.*, 2014 WL 670236, at *2 (D. Utah Feb. 20, 2014).

The undue burden on Alarm.com is exacerbated by the fact that Vivint ***did not even request the Delaware Materials in the Subpoena***.  Because the Subpoena does not request the Delaware Materials, there is no possible basis for enforcing the Subpoena as to those documents. Moreover, although the Subpoena itself was timely served prior to the close of fact discovery, the request Vivint is now pursuing is an improper *new* request.  *See infra* Section III.D; *Shields v. U.S. Bank Nat'l Ass'n ND*, 2006 WL 8440797, at *2-3 (D. Kan. Apr. 25, 2006) (burden posed by improper document requests "served out of time" demonstrated good cause).

Vivint, on the other hand, did not show that it would be burdened by the protective order. It never addressed how, if at all, its case would be prejudiced by the lack of discovery into the opinions of an expert from another case, who is not appearing in this case, about damages for

claims not asserted in this case.  Indeed, Vivint made **no showing of relevance**.  "[W]hen a discovery request does not have patent relevance, the party seeking discovery has the burden to show relevancy."  *Uroza*, 2014 WL 670236 at *2.  Courts have held that past expert reports from different cases are beyond the scope of discovery even when those same experts are retained by a counterparty.  *See, e.g., Jackson v. Dollar Gen. Store*, 2014 WL 540828, at *3 (D. Utah Feb. 10, 2014).  The Order fails to consider whether Vivint demonstrated any burden in not having the irrelevant Delaware Materials.

Alarm.com made a showing of burden; Vivint did not show that it would be burdened.  The result of the applicable balancing test, then, must be that Alarm.com made the requisite showing of good cause.  The Order finds instead that "Defendant failed to demonstrate the requisite annoyance, embarrassment, oppression, or undue burden or expense."  (Order at 6.)  But the test is not whether the moving party met some undefined threshold, but rather involves a flexible balancing of burdens.  The Order's analysis is therefore contrary to law.

C.    Possession, Custody, or Control.

A subpoena pursuant to Fed. R. Civ. P. 45 and 34 is expressly limited to documents in the "possession, custody, or control" of the respondent.  Fed. R. Civ. P. 34(a)(1).  "Inspection can be had if the party to whom the request is made has the legal right to obtain the document."  Wright & Miller § 2210; *Gottlieb v. Wiles*, 143 F.R.D. 241, 252 (D. Colo. 1992) (same).

The Order does not address the issue of whether SecureNet has a "legal right to obtain the document".  It simply notes that "Plaintiff submitted a declaration from SecureNet's President Shawn Cox confirming SecureNet's ability to comply with the subpoena".  (Order at 6.)  But Mr. Cox's declaration does not engage with the operative question.  It merely states that SecureNet

and Vivint "agreed that production of these expert reports would satisfy the subpoena" and that "SecureNet has no objections". (ECF 296-01 at ¶¶ 5-6.) Without dispute, SecureNet itself has neither possession nor custody of the documents. They are in the possession of SecureNet's outside counsel and subject to Delaware District Court's confidentiality order. SecureNet itself *cannot* obtain them at all, let alone "on demand", because to do so would violate the Delaware order. (*See* ECF 295-10 at ¶ 6.5.) The documents are not obtainable from SecureNet under Rule 34(a)(1). The Order is contrary to law.

> D.     The Order is Clearly Erroneous.

The Order holds that the Subpoena was timely based on the date it was originally served and the fact that the parties agreed that Vivint could enforce the Subpoena after the close of fact discovery on December 7, 2018. (*See* Order at 6.) But the Order fails to recognize that Vivint's request for the Delaware Materials is not covered by the Subpoena and is thus an untimely *new* request. Vivint remains unable to point out any Subpoena request that calls for the Delaware Materials.[6] Vivint was only able to point to Request Nos. 7 and 8 as potentially applicable to *portions* of *one* of the expert reports at issue (and as a compromise Alarm.com offered to provide Vivint with those excerpts). The Order also fails to recognize that, while the parties agreed that Vivint could pursue *the Subpoena* after the close of discovery, they did not agree that Vivint could pose *entirely new requests* to SecureNet. The Order is clearly erroneous.

## CONCLUSION

Alarm.com respectfully requests that the Court reverse the Order.

---

[6] *See* Ex. 2 at 78:16-21 (The Court: "I can't figure out where [the Delaware Materials] [are] responsive to the subpoena. So what – what request is it responsive to?" Mr. Harris: "Well, like I said, without seeing them, seeing the expert reports and the briefing, *I can't tell you exactly*.") (emphasis added).

Dated:  January 31, 2020

THORPE NORTH & WESTERN LLP,

/s/ Mark M. Bettilyon
Mark M. Bettilyon (4798)

CRAVATH, SWAINE & MOORE LLP
Richard J. Stark (*pro hac vice*)
Marc J. Khadpe (*pro hac vice*)

*Attorneys for Defendant Alarm.com Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2020, a true copy of the

foregoing will be filed electronically with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to the following counsel:

David R. Wright
C.J. Veverka
Kirk R. Harris
Michael A. Manookin
L. Rex Sears
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
cveverka@mabr.com
kharris@mabr.com
dwright@mabr.com
mmanookin@mabr.com
rsears@mabr.com

Robert S. Berezin (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8884
robert.berezin@weil.com

Douglas W. McClellan (*pro hac vice*)
Melissa L. Hotze (*pro hac vice*)
Justin L. Constant (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
doug.mcclellan@weil.com
melissa.hotze@weil.com
justin.constant@weil.com

*Counsel for Plaintiff Vivint, Inc.*

_____/s/ Mark M. Bettilyon_____
Mark M. Bettilyon