IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALARM.COM, INC.,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER CLAIMS**<br><br>Case No. 2:15-cv-00392-CW-CMR<br><br>Judge Clark Waddoups |

　　　　Before the court is Plaintiff Vivint, Inc.'s motion to sever nine claims (the "Stayed Claims") that have previously been subject to a partial stay pending the resolution of an appeal of a decision by the U.S. Patent and Trademark Office to reject those claims as unpatentable. (ECF No. 537.) After reviewing the parties' briefing and hearing oral argument on the motion, the court denies the motion for the reasons stated herein.

## Background

　　　　Vivint initiated this action on June 2, 2015, alleging infringement by Alarm.com of six patents: Patent Nos. 6,147,601 ('601); 6,462,654 ('654); 6,535,123 ('123); 6,717,513 ('513); 6,924,727 ('727); and 7,884,713 ('713) (collectively, the "Asserted Patents"). (*See* Compl., ECF No. 2.) Shortly thereafter, Alarm.com filed several petitions seeking *inter partes* review (IPR) by the Patent Trial and Appeal Board ("PTAB") of 200 of the 204 claims in the Asserted Patents. (ECF No. 40.) On September 12, 2016, after the PTAB had initiated IPR with respect to 5 of the

6 Asserted Patents, the court stayed the case in its entirety pending resolution of the IPR proceedings. (ECF No. 99.)

On June 6, 2017, Vivint filed a status report with the court giving notice that the PTAB had issued final written decisions on each of the IPRs initiated with respect to the Asserted Patents. (ECF No. 106.) And on June 23, 2017, the parties filed a joint stipulation agreeing to lift the stay. (ECF No. 116.) In the same stipulation, Vivint agreed to drop all of its claims from the '727 and '713 Patents and to limit the claims it was asserting in the case to the following: Claims 1, 3, 4, 5, 6, 7, 8, and 12 of the '513 Patent; Claims 17, 18, 22, 25, and 8 of '654 Patent; Claims 3 and 18 of the '123 Patent; and Claims 19 and 42 of the '601 Patent. (*Id.*) The court lifted the stay on June 26, 2017. (ECF No. 117.)

While fact discovery proceeded in this case, Alarm.com continued to collaterally attack the validity of the claims Vivint was continuing to pursue in this case, including by (1) seeking *ex parte* reexamination of 9 of those claims by the Patent and Trademark Office ("PTO") and (2) appealing the PTAB's IPR decisions with respect to the others. On November 6, 2018, Alarm.com filed a Notice of Supplemental Authority with the court indicating that the PTO had issued final office actions rejecting Claims 1, 3, 4, 5, 6, 7, 8, and 12 of the '513 Patent and Claim 42 of the '601 Patent ("Rejected Claims") as "unpatentable in view of prior art." (ECF No. 233.) The notice also indicated that the Federal Circuit had scheduled oral argument on Alarm.com's appeal of the IPR decisions with respect to the other 8 claims. (*Id.*)

Shortly thereafter, Alarm.com filed a motion seeking to stay the case in its entirety, or alternatively, with respect to the nine Rejected Claims, pending any appeals. (ECF No. 235.) On December 7, 2018, the court granted Alarm.com's motion in part, entering a temporary stay with

respect to "the nine claims recently rejected by the U.S. Patent and Trademark Office *ex parte* proceedings" (hereinafter, the "Stayed Claims"). (ECF No. 249.) The stay was originally set to expire on May 15, 2019 and the court directed that "[t]he case shall proceed on all remaining claims without reference to the stay." (*Id*.) Litigation continued with respect to the other 8 claims (the "Litigated Claims") that were not subject to the stay.

On April 3, 2019, after the parties agreed that the stay should be extended at a hearing held on claim construction, the court extended the stay on the Stayed Claims under November 15, 2019. (ECF No. 273.) On November 12, 2019, shortly before the stay was set to expire, the parties filed a joint status report requesting that the stay be extended for another six months and asking that the stay be extended to include Claim 3 of the '123 Patent, which the PTAB had recently found unpatentable in *inter partes* review. (ECF No. 303.) The court granted the parties' request, extending the stay until May 15, 2020 and expanding the stay to include Claim 3 of the '123 Patent. (ECF No. 305.)

On April 14, 2020, the parties filed a stipulate motion seeking a partial stay of the case due to "the uncertainty and disruptions caused by the COVID-19 pandemic." (ECF No. 335.) The court granted the parties' stipulated motion and entered a partial stay of the case until August 10, 2020. (ECF No. 336.)

On September 9, 2021, the Federal Circuit reversed the PTO's decision rejecting Claims 1, 3, 4, 5, 6, 7, 8, and 12 of the '513 Patent, holding that the PTO should not have ordered *ex parte* reexamination of those claims or should have terminated those proceedings upon Vivint's request. *In re Vivint, Inc.*, 14 F.4th 1342 (Fed. Cir. 2021). On February 8, 2022, the Federal Circuit ordered that the PTO's decision on Claim 42 of the '601 patent also be vacated on the same grounds. (ECF

3

No. 525-2.) On March 14, 2022, the PTO terminated reexamination of the Stayed Claims. (ECF No. 525.)

On March 16, 2022, Vivint filed a status report notifying the court of the actions by the Federal Circuit and PTO with respect to the Stayed Claims. (ECF No. 525.) In the status report, Vivint also indicated that it intended to seek severance of the Stayed Claims. (*Id*.)

On October 11, 2022, Vivint filed the current motion, which seeks to sever nine of the Stayed Claims[1] pursuant to Rule 21 of the Federal Rules of Civil Procedure.

## Discussion

Rule 21 provides that the court may "sever any claim against a party." While Rule 21 is primarily directed towards misjoinder and nonjoinder of parties, courts have held that a finding of improper joinder is not a prerequisite for granting severance under Rule 21. *See Acevedo-Garcia v. Monroig*, 351 F.3d 547, 560 n.5 (1st Cir. 2003) ("[T]he prevailing rule in our sister circuits is that a finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21."); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("We believe that this provision authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."). *Cf. Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545-46 (6th Cir. 1994) (agreeing with most courts that do not restrict the application of Rule 21 to misjoined parties). Thus, the court has "virtually unfettered discretion

---

[1] Vivint's motion does not mention Claim 3 of the '123 Patent. On July 24, 2019, the PTAB held that Claim 3 was unpatentable. *Alarm.com Inc v. Vivint, Inc.*, No. IPR2016-00173, 2019 WL 3330466 (P.T.A.B. July 24, 2019). The Federal Circuit affirmed that decision on April 13, 2021. *Vivint v. Alarm.com Inc.*, 856 F. App'x 300 (Fed. Cir. 2021). Thus, the court assumes that Vivint is no longer pursuing Claim 3 of the '123 Patent in this case.

in determining whether or not severance is appropriate." *Lifetime Products, Inc. v. Russell Brands, LLC*, Case No. 1:12-cv-00026-DN-EJF, 2016 WL 5482226 at *3 (D. Utah Sept. 29, 2016).

While the court's discretion to grant or deny severance is broad, courts considering requests for severance under similar circumstances have identified certain factors that should be considered when evaluating a motion to sever claims. "When considering whether to sever claims, the question to be answered is whether severance will serve the ends of justice and further the prompt and efficient disposition of litigation." *Lifetime Products*, 2016 WL 5482226 at *3. Factors that courts have considered when evaluating a motion to sever include (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018).

Moreover, while the Tenth Circuit does not appear to have offered any guidance on when severance is appropriate under Rule 21, it has provided such guidance with respect to bifurcation under Rule 42(b), which implicates similar policy considerations. *See Tarin v. RWI Const., Inc.*, No. CV 12-145 CG/LAM, 2012 WL 12354227 at *2 (D.N.M. July 13, 2012) ("Motions to sever under Rule 21 and motions to bifurcate under Rule 42 implicate similar policy considerations.") (citation omitted); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999) ("The Court's determination as to whether it should sever the claims of the plaintiffs under Rule 21 or whether it should order separate trials under Rule 42 requires the same considerations.").

With respect to bifurcation under Rule 42, the Tenth Circuit has held that bifurcation is appropriate if the interests of expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). Bifurcation, however, "is improper if the issues are not separable." *Id*.

I.   **Abandonment**

As an initial matter, Alarm.com argues that the court should not reach the question of severance but should instead find that Vivint has abandoned the Stayed Claims by failing to pursue them diligently in this case after the temporary stay issued by the court expired in 2020. According to Alarm.com, Vivint's failure to diligently pursue its claims constitutes a failure to prosecute that warrants involuntary dismissal of the Stayed Claims pursuant to Rule 42(b).

Alarm.com, however, has not filed a proper motion to dismiss under Rule 42(b) but instead raises its abandonment argument in its opposition to Vivint's motion to sever. Thus, Alarm.com's suggestion that the Stayed Claims be dismissed for failure to prosecute is not properly before the court. *See* DUCivR 7-1(a)(3) ("A party may not make a motion . . . in a response or reply. Any motion must be separately filed."). If Alarm.com wishes the court to consider the merits of its abandonment argument, it may file a separate motion raising that issue in accordance with DUCivR 7-1. The argument, however, does not serve as a basis for denying Vivint's motion to sever.

## II. Severance

With respect to the merits of its motion, Vivint argues that severance should be granted in this case because the seven Litigated Claims that were not subject to the court's previous stay[2] are ready to proceed to trial, pending the court's decision on several dispositive motions, while expert discovery and claims construction is still necessary before the Stayed Claims will be ready for trial. According to Vivint, severing the Stayed Claims from this case will promote efficiency by allowing the Litigated Claims to proceed to trial immediately. Vivint also argues that it will be prejudiced if the Stayed Claims are not severed because "waiting for the Stayed Claims to progress through fact and expert discovery, claim construction, and dispositive motions will potentially add years to an already seven-year-long process by which Vivint seeks to vindicate its rights." (Mot. to Sever at 6, ECF No. 6.)

Alarm.com opposes severance, arguing that severing the Stayed Claims would likely lead to two trials that will involve overlapping and at times identical evidence, which would prolong the action and be a waste of party and judicial resources. Alarm.com points out that Vivint alleges that the same set of Alarm.com products infringe both the Litigated Claims and the Stayed Claims. Moreover, Alarm.com correctly notes that there is a substantial overlap in the key language used in the Litigated Claims and the Stayed Claims. In short, Alarm.com argues that the Litigated Claims and the Stayed Claims are not separable.

---

[2] Vivint's motion also asks the court to lift the stay on the Stayed Claims. The courts partial stay on the Stayed Claims, however, expired by its own terms on May 15, 2020. (*See* Docket Text Order, ECF No. 305.) It was then arguably extended by the COVID-19 stay entered by the court until August 10, 2020. (Order Granting Partial Stay, ECF No. 336.) Thus, the Stayed Claims are not currently subject to any stay and there is no need to lift any stay to rule on Vivint's motion to sever.

Alarm.com also argues that severing the Stayed Claims from the Litigated Claims would prejudice Alarm.com, since it would subject it to two trials on similar or identical issues, essentially giving Vivint two bites at the proverbial apple. According to Alarm.com, allowing the claims to proceed in separate trials would give Vivint the unfair advantage of "seeing how its flawed theories play in the first trial with the hope of amending them for a second trial." (Opp. at 11, ECF No. 542.)

The court has carefully reviewed the Litigated Claims and the Stayed Claims and has concluded that they "are so intertwined . . . as to be inseparable." *Cf. Okla. Turnpike Auth. V. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001). There is substantial overlap in the language of each set of claims. And each of the claims come from the same patent family.

While there may be some aspects of the Stayed Claims that differ from the Litigated Claims, such as the ability to control equipment remotely, the substantial overlap between the claims means that substantial portion of the evidence that is essential to a trial of the Litigated Claims would also have to be presented at a trial of the Stayed Claims. This would result in a significant waste of judicial and party resources.

The court also agrees that allowing Vivint to proceed in separate trials on the Litigated Claims and the Stayed Claims would prejudice Alarm.com by giving Vivint two opportunities to try the same issues. Moreover, granting severance could result in the Litigated Claims being subject to appeal while the Stayed Claims are being tried, which could lead to contrary and inconsistent results on the same issues.

The rules of civil procedure are designed to promote "the broadest scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724

(1966). Thus, "joinder of claims, parties and remedies is strongly encouraged." *Id*. Severing the Stayed Claims in this case, based solely on their stage in the discovery process,[3] would undermine the goal of having related claims and issues being decided together.

While the court recognizes that this case has already been substantially delayed, and that denying severance will likely delay resolution of the Litigated Claims to some extent, the difficulties in trying these non-separable claims in separate trials substantially outweigh any inconvenience that would be caused to Vivint. To the extent Vivint is prejudiced by a delay in the resolution of the Litigated Claims, that prejudice can be cured through monetary damages and/or prejudgment interest.[4]

---

[3] Vivint cites several federal district court cases that Vivint claims supports its position that claims at different stages of the litigation process can be severed from each other. Those cases, however, can largely be distinguished from this action as the claims at issue in those cases were logically separable. *See, e.g.*, *North Jersey Media Group, Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 115 (S.D.N.Y. 2015) (severing claims "based on completely different facts"); *ROY-G-BIV Corp. v. FANUC Ltd.*, No. 2:07-CV-418 (DF), 2009 WL 10677443 at *1 (E.D. Tex. April 14, 2009) (unpublished) (severing counterclaims where the defendant's patents embodied a different technology); *Tab Express Int'l, Inv. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623-25 (D. Kan. 2003) (granting severance of counterclaims where "defendant's patent infringement claims had no factual or legal connection to plaintiff's claims").

[4] Vivint also argues that severance should be granted because Alarm.com caused delays in the preparation of the Stayed Claims for trial by seeking *ex parte* reexamination of the Stayed Claims, citing *Oginsky v. Paragon Properties of Costa Rica, LLC*, 282 F.R.D. 681 (S.D. Fla. 2012). Alarm.com, in turn, blames Vivint for delays in litigating the Stayed Claims based on Vivint's failure to pursue the claims after the court's stay expired. The court has reviewed the *Oginsky* case and concludes that it does not provide authority for granting severance based on prior litigation misconduct. Instead, the court in *Oginsky* cited the plaintiffs' discovery violations in that case as an example of why it would be prejudicial to require the defendants to defend against claims brought by 250+ separate plaintiffs in the same case. Thus, the court concludes that determining which party is more blameworthy with respect to prior delays in this case is irrelevant to the question of severance. Prior delays do not overcome the inefficiencies and potential prejudice that would arise if the in-separable claims in this case are resolved through multiple trials.

Thus, the court finds that severance would not serve the ends of justice or further the prompt and efficient disposition of this litigation.

## Conclusion

For the reasons stated herein, Vivint's motion to sever is DENIED. The parties are directed to meet and confer regarding a scheduling order governing the timing of expert discovery and claim construction of the Stayed Claims in accordance with the Local Patent Rules. A proposed amended scheduling order should be filed with the court on or before April 28, 2023.

DATED this 14th day of April, 2023.

BY THE COURT:

_____
The Honorable Clark Waddoups
United States District Court Judge